# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| ANTHONY SOBERRI and CAROLYN A. SOBERRI, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER LEGAL GROUP P.C., <br><br> Defendant. | COMPLAINT <br><br> CASE NO. 1:24-cv-00804 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COME** ANTHONY SOBERRI and CAROLYN A. SOBERRI ("Plaintiffs") by and through their undersigned attorney, complaining as to the conduct CONSUMER LEGAL GROUP P.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for violations of the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 et seq., the Wisconsin Credit Services Organization Act ("WCSOA") under WI Stat. § 422.501 et seq., the Wisconsin Fraudulent Representations in Trade Practices Act ("WFRTPA"), pursuant to WI Stat. § 100.18 et seq., as well as for Breach of Contract Implied Covenant of Good Faith and Fair Dealing, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

1

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin, and Plaintiffs reside in this District.

## PARTIES

5. Plaintiffs are consumers, over 18 years of age, residing in Westfield, Wisconsin.

6. Defendant is a credit repair organization claiming to help consumers achieve financial stability through their offerings designed to assist consumers with becoming debt free and enjoying improved credit. Defendant is a New York professional company that maintains its principal place of business at 325 Division Ave., Suite 201, Brooklyn, New York 11211.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In March 2023, Plaintiffs had a number of debts which were impacting their credit, prompting them to begin looking for companies who may be able to assist them in improving their credit and resolving their obligations.

9. Plaintiffs found Defendant due to its representations that it could help consumers resolve their obligations for half, or less than half, of whatever was owed.

10. In April 2023, Plaintiffs spoke with Defendant who again advised that yes, Defendant would be able to resolve all of Plaintiffs' obligations for 50%, or less, than their current

2

balance, and that in order to do so Plaintiffs would need to make certain monthly payments over a certain period of time, which would go towards Defendant resolving their obligations.

11. Plaintiffs explained the debts they wanted addressed, and Defendant advised that it would be able to pay off their enrolled debts for reoccurring monthly payments of around $587.

12. On April 4, 2021, Plaintiffs entered into a contract with Defendant for its provision of credit repair and debt management services.

13. Plaintiffs proceeded to make their monthly payments to Defendant.

14. Specifically, Plaintiffs enrolled a total debt amount of approximately $33,650, and Defendant instructed Plaintiffs to cease all payments to their creditors.

15. Relying on Defendant's promise to settle their enrolled debts, Plaintiffs diverted their payments from their creditors to Defendant and proceeded to make their monthly payments to Defendant in a consistent and timely manner.

16. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiffs along, telling them what they wanted to hear in order for them to continue to make their monthly payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiffs' continued participation in Defendant's services. Plaintiffs detrimentally relied on Defendant's false promises.

17. Defendant promised Plaintiffs that their debts would be handled with care and that Defendant would negotiate with Plaintiffs' creditors to settle all accounts and remove them from their credit reports.

18. Despite telling Plaintiffs it would negotiate with creditors to reduce their outstanding debts, Defendant failed to reasonably engage with Plaintiffs' creditors and continued to retain its fees without paying Plaintiffs' creditors.

3

19. Specifically, Plaintiffs have engaged Defendant for 15 months and have paid Defendant no less than $8,500. During this time, Defendant failed to make any meaningful process in resolving their enrolled debts.

20. Defendant's failure to effectively negotiate settlements left Plaintiffs' creditworthiness severely compromised, leading to substantial damage to their financial reputation and a point decrease to Plaintiffs' FICO credit scores.[1]

21. Moreover, Plaintiffs have been sued by four of their creditors for debts Defendant failed to properly address and were denied any legal assistance from Defendant despite its initial representations that it would provide the same if Plaintiffs were sued by their creditors.

22. Despite having ample funds, Defendant failed to fulfill its representations and neglected to make meaningful progress in resolving Plaintiffs' outstanding debts.

23. Defendant's inactions and unfulfilled promises paint a picture of the misleading and deceptive nature of Defendant's services, resulting in financial harm to consumers and their creditworthiness.

24. Despite making timely monthly payments, Defendant did not properly handle Plaintiffs' enrolled debts that they wanted addressed.

25. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiffs spoke with the undersigned regarding their rights.

26. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, payments made to Defendant in violation of state law, as well as numerous violations of their state and federally protected

---

[1] FICO is an acronym for Fair Isaac Corporation, the company that developed the FICO credit scoring models that many lenders use to help accurately predict a consumer's ability to repay a debt on time.

4

interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

27. Plaintiffs repeat and reallege all paragraphs of this Complaint as though fully set forth herein.

28. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1679a(1) of the CROA.

29. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

30. At all relevant times, Defendant represented that both an explicit and implicit purpose of its services was to ultimately improve Plaintiffs' creditworthiness and financial situations.

    a. **Violations of CROA § 1679b(a)**

31. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

5

32. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiffs. Despite Plaintiffs having made sufficient funds for Defendant to begin negotiating their obligations, and despite such resolution offers being readily available, Defendant failed to engage in the services it represented it would perform for Plaintiffs, instead bilking Plaintiffs for their monthly payments without fully performing the services it represented it would perform.

    b. **Violation of CROA § 1679b(b)**

33. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

34. Defendant violated § 1679b(b) as it charged and received money from Plaintiffs in exchange for the performance of its services before such services were fully performed. Defendant has maintained Plaintiffs' monthly payments, and refused to return the same, despite Defendant having failed to perform any of the services that would justify Defendant's retention of Plaintiffs' monthly payments.

    c. **Violations of CROA § 1679c**

35. The CROA, pursuant to 15 U.S.C. § 1679c, outlines numerous disclosures and pieces of information that must be provided by credit repair organizations to consumers prior to contracting with consumers.

36. Defendant violated § 1679c by failing to provide the proper disclosures to Plaintiffs in the manner required under the CROA.

6

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs actual damages, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiffs punitive damages as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief the Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CREDIT SERVICES ORGANIZATION ACT

37. Plaintiffs restate and reallege all paragraphs of this Complaint as though fully set forth herein.

38. Plaintiffs are "buyer[s]" as defined by WI Stat. § 422.501(1).

39. Defendant is a "credit services organization" as defined by WI Stat. § 422.501.

**a. Violations of WCSOA § 422.503**

40. The WCSOA, under WI Stat. § 422.503, outlines a variety of conduct in which credit services organizations are prohibited from engaging.

41. Pursuant to § 422.503(1)(c), a credit services organization cannot "make or use any untrue or misleading representations in the offer or sale of the services of the credit services organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as a fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization.

42. Defendant violated § 422.503(1)(c) in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

b. **Violations of WCSOA § 422.504**

43. The WCSOA, pursuant to WI Stat. § 422.504, outlines an information statement that must be provided by credit service organizations to buyers before buyers enter into any contracts.

44. Defendant violated § 422.504 by failing to provide the required information statement to Plaintiffs prior to entering into the contract with Plaintiffs.

45. As pled above, Plaintiffs were harmed by Defendants conduct.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the WCSOA;

b. Awarding Plaintiffs actual damages pursuant to WI Stat. § 425.305;

c. Awarding Plaintiffs punitive damages pursuant to WI Stat. § 425.305;

d. Awarding Plaintiffs' costs and reasonable attorney fees, pursuant to WI Stat. § 425.308; and,

e. Awarding any other relief the Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE WISCONSIN FRAUDULENT REPRESENTATIONS IN TRADE PRACTICES ACT**

46. Plaintiffs restate and reallege all paragraphs of this Complaint as though fully set forth herein.

47. The WFRTPA, pursuant to WI Stat. § 100.18 "No person…with intent to sell…service, or anything offered by such person…directly or indirectly, to the public for sale, hire…or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or…service, shall make, publish, disseminate, circulate, or

8

place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in [Wisconsin]…an advertisement, announcement, statement or representation of any kind to the public relating to such…service…or to the terms or conditions thereof, which…contains any assertion, representation or statement of fact which is untrue, deceptive or misleading."

48. Defendant violated the above referenced provision by providing misleading representations to Plaintiffs in order to induce their enrollment in its services. It was deceptive and misleading for Defendant to represent that it could resolve all of Plaintiffs' debt when it knew it would not be able to do given the nature of Plaintiffs' debt. Defendant's conduct was unfair and deceptive because Plaintiffs entrusted Defendant with their finances while failing to properly engage with their creditors to try and reduce their outstanding debts as originally contracted.

49. Further, it was unfair and deceptive for Defendant to induce Plaintiffs enrollment through promises of legal representations only to turn around and fail to properly provide Plaintiffs with the necessary legal representations when they were sued by their creditors.

50. Defendant's unfair conduct is against public policy because it created the false impression that Defendant was handling the consumers financial and credit records properly while the consumer believes Defendant has their best interest.

51. Upon information and belief, Defendant systematically engages in unfair and deceptive practices as described herein in an effort to maximize profits at the expense of Wisconsin consumers.

52. The WFRTPA was designed to protect consumers such as Plaintiffs from the precise conduct committed by Defendant.

53. As pled above, Plaintiffs were harmed by Defendant's unfair and deceptive conduct.

54. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of the Plaintiffs and similarly situated consumers.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the WFRTPA;

   b. Awarding Plaintiffs actual damages;

   c. Awarding Plaintiffs punitive damages;

   d. Awarding Plaintiffs' costs and reasonable attorney fees; and,

   e. Awarding any other relief the Court deems just and appropriate.

### COUNT IV – BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

55. Plaintiffs restate and reallege all paragraphs of this Complaint as though fully set forth herein.

56. The contract for debt consolidation services between Plaintiffs and Defendant is a valid and enforceable contract.

57. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

58. Additionally, in every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits

of the agreement. The elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant.

59. Defendant breached its contract with Plaintiffs and implied covenant of good faith and fair dealing by (1) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlement(s); (2) deceptively instructing Plaintiffs to cease all payments to their creditors then subsequently failing to properly negotiate their accounts; (3) falsely representing to Plaintiffs that it would increase their consumer credit scores, (4) falsely representing to Plaintiffs that it would assist them in the event of a lawsuit, and (5) prematurely charging Plaintiffs for unearned fees.

60. As set forth above, Plaintiffs were significantly harmed by Defendant's breach of contract and implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

   a. Enter judgment in Plaintiffs' favor for breach of contract and implied covenant of good faith and fair dealing;

   b. Award of compensatory damages;

   c. Award of punitive damages; and,

   d. Any further relief deemed just and proper.

Dated: June 27, 2024                                    Respectfully submitted,

                                                        /s/ Mohammed O. Badwan
                                                        Mohammed O. Badwan, Esq.
                                                        Sulaiman Law Group, Ltd.
                                                        2500 S Highland Ave, Suite 200
                                                        Lombard, IL 60148
                                                        Telephone: (630) 575-8181
                                                        Fax: (630) 575-8188
                                                        mbadwan@sulaimanlaw.com
                                                        *Counsel for Plaintiffs*